UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION
KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 12-107-ART |
| | ) | |
| v. | ) | **MINUTE ENTRY ORDER** |
| | ) | |
| MICHAEL R. WALLI, MEGAN RICE, | ) | |
| and GREG BOERTJE-OBED, | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

On Wednesday, May 1, 2013, at 10:00 a.m., the Court held a telephonic conference to discuss the pending request for an expedited transcript and the pending motion to dismiss. *See* R. 127. Christopher Irwin and William Quigley represented defendant Michael R. Walli. Francis Lloyd, Jr., represented defendant Megan Rice. Defendant Greg Boertje-Obed represented himself, with Bobby E. Huston, Jr. serving as standby counsel. Melissa Kirby and Jeffrey Theodore represented the United States. Tammy Dallas was the courtroom deputy, and Jolene Owen was the court reporter.

For the reasons stated on the record, it is **ORDERED** that:

(1) The Court will grant the request by counsel for defendant Michael Walli for an expedited transcript of the hearing held on March 23, 2013. However, if the defendants represented by court-appointed counsel wish to receive daily copy during the trial, those defendants must demonstrate that the daily copy is "necessary for adequate representation." 18 U.S.C. § 3006A(e)(1). Otherwise the defendants must pay for the cost of daily copy requests themselves.

(2) The government's motion to dismiss count two of the superseding indictment, R. 123, is **GRANTED**. Count two of the superseding indictment charging a violation of 18 U.S.C. § 1363, R. 55 at 1–2, is **DISMISSED WITH PREJUDICE**.

(3) The defendants' motion to take judicial notice of certain facts, R. 119, is **GRANTED IN PART** and **TAKEN UNDER ADVISEMENT IN PART**.

    (a) The defendants' motion to take judicial notice of certain facts, R. 119, and the government's stipulation of facts, R. 124, both quote statements taken from various government websites. The parties agree that those websites qualify as "sources whose accuracy cannot reasonably be questioned," such that statements of adjudicative fact found on those websites qualify as facts that the "court may judicially notice." Fed. R. Evid. 201(b).

    (b) The parties agree that the Court may take judicial notice of seven undisputed facts in the government's stipulation of facts. *See* R. 124 at ¶¶ 1, 2, 3, 6, 9, 11–12. The Court will take judicial notice of those seven facts after the conclusion of the government's case in chief.

    (c) The Court will take judicial notice of the fifth fact listed in the defendants' motion. *See* R. 119 at ¶ 5 ("Every weapon in the United States' nuclear arsenal has components that were made, maintained or dismantled at Y-12."). The Court will take judicial notice of that fact after the end of the government's case in chief. The Court will not take

judicial notice of the corresponding paragraph in the government's stipulation, which contains statements of opinion. *See* R. 124 at ¶ 5.

(d) For the remaining facts, *See* R. 124 at ¶¶ 4, 7, 8, 10, 13, the Court takes the defendants' motion and the government's stipulation under advisement. The parties agree that those facts—the exact wording of which the parties dispute—will most likely be introduced during the government's case in chief. If those facts are introduced, then the defendants' motion and the government's stipulation will be moot. If those facts are not introduced, then either party may move for this Court to take judicial notice of those facts.

(4) The parties **SHALL** comply with the following procedures during trial:

(a) Should defendant Greg Boertje-Obed wish to take the stand in his own defense, his standby counsel, Bobby Huston, may question him. Mr. Huston is responsible for raising objections during any subsequent cross-examination of defendant Boertje-Obed. If defendant Boertje-Obed cross-examines a witness himself, he is responsible for raising any objections to that witness's testimony though Mr. Huston is free to aid in those objections through written notes or other signals.

(b) If an attorney objects during the direct examination of a witness, that attorney is also responsible for conducting the corresponding cross-examination of that witness. If an attorney conducts the direct examination of a witness, that attorney is also responsible for raising

3

any objections during the corresponding cross-examination of that witness.

(c) The defendants need not join in the objections of other defendants. For the purposes of the record on appeal, the Court will treat an objection by one defendant as an objection by all defendants. However, if a defendant does *not* wish to join in the objection of another defendant, the defendant should state that on the record.

(d) Speaking objections are not permitted. Objections must be stated as follows: "Objection, [short identification of the basis for the objection]." For example, "Objection, hearsay" or "Objection, relevance." The Court will ask the parties to approach the bench if further discussion is necessary.

(5) The Court will provide the parties with the proposed jury charge and instructions by Tuesday, May 7, 2013. The charge conference will be held on the evening of Tuesday, May 7, 2013, or Wednesday, May 8, 2013, depending on the progress of the trial. At the charge conference, the parties may raise any objections to the proposed jury charge and instructions.

This the 1st day of May, 2013.

TIC: 50 minutes; Covington



Signed By:
*Amul R. Thapar*
United States District Judge

4